### 9509. McWHORTER *v.* THE STATE.

BLOODWORTH, J. 1. Upon the trial of this case several police officers testified for the State, and none for the defendant. The defendant's conviction was not demanded by the evidence. Under these facts it was error, requiring the grant of a new trial, for the court to charge the jury as follows: "But the fact that a man is an officer is nothing against him. *We rely upon these officers.*" (Italics ours.) This is true even though in immediate connection with this charge the judge told the jury, "I charge you, the fact that a man is a detective or police officer should not discredit his testimony. It goes to his credit that he is actively engaged in the prosecution of the case, . . and the fact that they [the detectives and police officers] receive money from people for recovering their property which has been stolen is a fact which you may consider. If they get money in any case for the purpose of securing a conviction, or if a conviction depends on their evidence, it should go to their credit, and largely to their credit." For the presiding judge in his charge to designate a class of witnesses and to tell the jury, "We rely upon" them, is to give to these officer-witnesses "judicial endorsement and approval," and "to give an improper potency to the influence" of their testimony. Civil Code (1910), § 4863; *Potter* v. *State*, 117 *Ga.* 693, 695, 696, 698 (45 S. E. 37); *Alexander* v. *State*, 114 *Ga.* 266 (2), 267, 268 (40 S. E. 231); *Pound* v. *State*, 43 *Ga.* 88, 90 (7).

2. As this case goes back for a new trial, and the other errors alleged are of such a character that they may not recur on another trial, it is unnecessary to pass upon them.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*
DECIDED MAY 1, 1918. REHEARING DENIED MAY 14, 1918.

Indictment for burglary; from Fulton superior court—Judge Hill. December 12, 1917.

*Thomas E. Scott, Richard B. Russell, Robert P. Jones,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.